**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ELIZABETH A. SOLOMON,
          Appellant,

          v.

DEPARTMENT OF DEFENSE,
          Agency.

DOCKET NUMBER
CH-0432-15-0471-I-1

DATE: December 15, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Pearl B. Hale, Pearl Harbor, Hawaii, for the appellant.

Richard Todd, Esquire, Arlington Heights, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing her, pursuant to 5 U.S.C. chapter 43, for unacceptable performance. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant was employed as an Information Technology (IT) Specialist (Network/Customer Support) at a Field Services Center for the Defense Contract Management Agency.  Initial Appeal File (IAF), Tab 33, Initial Decision (ID) at 2.  The appellant received a fully successful performance rating in January 2014 for the rating period ending on December 31, 2013.  IAF, Tab 8 at 4, Tab 16 at 6.  However, from March through June 2014, the appellant was formally counseled on performance-related issues by her first-line supervisor on three occasions.  IAF, Tab 2 at 6.  By letter dated September 17, 2014, the Team Chief notified the appellant that she was being placed on a 90-day performance improvement plan (PIP) because she was performing at an unacceptable level in the following three critical elements of her position:  "IT Asset Management" (critical element 1), "First Call Resolution" (critical element 2), and Resolution of Level 2 Service Center Tickets (critical element 3).  IAF, Tab 8 at 4-9.  The parties also refer to the critical elements of the appellant's position as "Contributions to Mission Accomplishment" (CTMA).  ID at 2.  In the PIP, the Team Chief specified tasks for the appellant to perform and the minimum acceptable accuracy rates that she was required to achieve by the end of the PIP to be rated as fully successful.  *Id*.  The Team Chief also identified the training available to the appellant and outlined the frequency of meetings that would be held to monitor her progress during the PIP.  *Id*. at 8-9.  The Team Chief advised the appellant that failure to reach the fully successful level in any of the three critical job elements would result in an adverse action such as reassignment, demotion, or removal from Federal service.  *Id*. at 4.

¶3      During the 90-day PIP, the appellant and her union representative met with her Team Chief on seven occasions.  ID at 2; IAF, Tab 7 at 4.  When the PIP

ended, the Team Chief determined that the appellant's performance remained unacceptable in all three of the critical elements noted as deficient in her PIP. IAF, Tab 7 at 4. The Team Chief issued a notice of proposed removal in February 2015, and the appellant replied. IAF, Tab 6 at 21-46. On May 20, 2015, the Group Chief, acting as the deciding official, sustained the proposed action and decided to remove the appellant from employment effective May 29, 2015. *Id*. at 16-20. The appellant retired on May 27, 2015, prior to the effective date of her removal. ID at 3. The Standard Form 50 documenting the appellant's separation from service stated that she voluntarily retired in lieu of an impending removal for unacceptable performance in critical job elements. IAF, Tab 6 at 15.

¶4        The appellant filed an appeal with the Board, challenging the agency's removal decision and raising affirmative defenses of race discrimination and retaliation for engaging in equal employment opportunity (EEO) activity. IAF, Tab 1, Tab 24 at 1-7. Although she initially requested a hearing, she later withdrew her request. ID at 1. Based on the written record, the administrative judge found jurisdiction over this appeal and issued an initial decision denying the appellant's affirmative defenses and affirming the agency's removal action.[2] ID at 15, 17-18. In reaching her decision, the administrative judge found that the agency proved all of the elements for taking a performance-based action against the appellant under 5 U.S.C. chapter 43. ID at 4-13.

¶5        The appellant has filed a petition for review, and the agency has responded in opposition to her petition. Petition for Review (PFR) File, Tabs 2, 6. The appellant also has filed a timely supplemental pleading. PFR File, Tabs 5, 7.

---

[2] Because the appellant retired after the agency issued the removal decision and references to the removal action remained in the appellant's official personnel file, the administrative judge properly found that the Board has jurisdiction over this appeal. ID at 3-4; *see Mays v. Department of Transportation*, 27 F.3d 1577, 1580 (Fed. Cir. 1994) (determining that, pursuant to 5 U.S.C. § 7701(j), an employee, "stigmatized with an adverse final decision reflected in her government employment record, may challenge the final removal decision while also opting to retire").

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     At the time the initial decision was issued, the Board's case law stated that, in a performance-based appeal under 5 U.S.C. chapter 43, an agency must establish by substantial evidence the following:  (1) the Office of Personnel Management approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards were valid under 5 U.S.C. § 4302(b)(1) (2012);[3] (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance.  ID at 4; *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).  The administrative judge addressed each of these elements in turn and found that the agency carried its burden with respect to all of them.  ID at 5-13.

¶7     On review, the appellant argues that the agency failed to meet its burden of proving that it gave her a reasonable opportunity to demonstrate acceptable performance and that her performance remained unacceptable.[4]  PFR File, Tab 2 at 10-11, 13-15, Tab 7 at 4.  She also reasserts her affirmative defense of EEO retaliation, arguing that her Team Chief created a hostile work environment by

---

[3] During the pendency of this appeal, the National Defense Authorization Act of 2018 redesignated subsection 4302(b) as subsection 4302(c).  Pub. L. No. 115-91, § 1097(d)(1)(A), 131 Stat. 1283, 1619 (2017).  Because these amendments post-date the adverse employment action at issue here, we refer to the earlier codification.  *See Harris v. Securities & Exchange Commission*, 972 F.3d 1307, 1311 n.1 (Fed. Cir. 2020).

[4] On review, the appellant does not specifically challenge the administrative judge's findings that the agency established the remaining elements required to prevail in a performance-based removal appeal under chapter 43, and we affirm those findings.  ID at 4-7.

harassing her in reprisal for her EEO activity.[5]  PFR File, Tab 2 at 4-15, Tab 7 at 7.  She also argues that the administrative judge failed to acknowledge some of her documentary evidence, and she submits several documents on review, including one undated chart and other documents that predate the filing of her appeal.[6]  PFR File, Tab 2 at 16-33, Tab 7 at 9-13.  The appellant also makes several arguments related to her performance prior to being placed on the PIP.  She asserts that the March 2014 counseling letter, issued 6 months prior to her placement on a PIP, included items that did not relate to the critical elements of her position and violated the collective bargaining agreement (CBA) because it did not provide a 90-day minimum evaluation period in the 2014 rating year.  PFR File, Tab 2 at 13, Tab 7 at 4, 7.  She also asserts that the March 2014 counseling letter improperly referred to items from the 2013 calendar year, for which she received a fully successful rating, thereby violating the CBA's requirement to "warn employees of serious performance deficiencies when they occur."  PFR File, Tab 2 at 13.

¶8      For the reasons stated herein, we affirm the administrative judge's findings that the agency met its burden to prove that the appellant had a reasonable opportunity to demonstrate acceptable performance and that her performance

---

[5] Arguably, some of the appellant's arguments on review implicate her claim of race discrimination, but we find her arguments insufficient to disturb the administrative judge's finding that she failed to meet her burden of proof on this issue.  PFR File, Tab 1 at 4, 11; ID at 13-15.

[6] To the extent that some of the documents submitted by the appellant are already part of the record, we find that they are not new and they do not warrant disturbing the initial decision.  *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (holding that evidence that is already a part of the record is not new).  Moreover, the appellant has not shown that the documents that she submits for the first time on review, or the information contained in those documents, were unavailable before the record closed despite her due diligence.  Therefore, the Board will not consider this evidence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

remained unacceptable, and that the appellant failed to meet her burden to prove her affirmative defense of retaliation. We remand this appeal for further adjudication related to the appellant's pre-PIP performance in accordance with recent case law, as set forth herein.

The agency afforded the appellant a reasonable opportunity to demonstrate acceptable performance.

¶9        In determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time that is sufficient to enable the employee to demonstrate acceptable performance. *Lee*, 115 M.S.P.R. 533, ¶ 32. For the reasons explained below, we agree with the administrative judge's finding that the agency proffered substantial evidence that it afforded the appellant a reasonable opportunity during the PIP to improve in the three critical elements at issue. ID at 7-11.

¶10        The appellant was an IT Specialist who provided customer service for the agency's field services office. ID at 1. The administrative judge noted that the appellant's position description referenced, among other things, providing technical guidance and support to individuals within the organization, resolving user-reported problems and tickets, and ensuring overall IT infrastructure availability and efficiency. ID at 7; IAF, Tab 8 at 17-24. The administrative judge found that the agency identified specific performance deficiencies and required that the appellant improve her performance during the PIP in three key areas, consisting of her IT management, her first-call resolution, and her resolution of Level 2 service center tickets. ID at 7. The administrative judge also found that the Team Chief provided the appellant with an extended period to show improvement and held bi-weekly meetings during the PIP, giving the appellant feedback on her performance. ID at 7-8. The record contains the Team Chief's contemporaneous meeting notes documenting the appellant's continued

performance deficiencies during the PIP. ID at 7-8; IAF, Tab 7 at 4-5, 21, 40-41, 80.

¶11    Though not clear, the appellant may be asserting on review that she did not have a reasonable opportunity to demonstrate acceptable performance because the PIP imposed requirements for being rated fully successful that were not based on the critical elements of her position.[7] PFR File, Tab 7 at 5-7. The administrative judge found that the appellant failed the PIP, which required the appellant to accurately complete the information technology equipment audit (CMTA # 1), reach the 70% first call resolution rate (CMTA # 2), and resolve 65% of Level 2 tickets within 36 hours (CMTA #3). ID at 11-12. These objective standards are contained in the appellant's performance plan, and thus we find that the PIP did not impose requirements for being rated fully successful that were not based on the critical elements of her position. *Compare* IAF, Tab 8 at 4-9, *with id.* at 15-16. The appellant also argues on review that she was denied a reasonable opportunity to improve because of the hostile work environment that existed before and during the PIP. PFR File, Tab 2 at 10-11. In support of her argument, she reasserts the allegations she made to the administrative judge that she was followed by coworkers and that they took pictures of her cubicle and emailed them to her Team Chief. *Id*. at 7, 10-11. She contends that a team leader yelled at her and banged on her desk, but her supervisor took no action against the contractor when informed of the incident. *Id*. at 5. She asserts that her Team Chief treated her differently by instructing her not to interact with a newly hired

---

[7] The appellant alleges that "items placed in the counseling letter were greater than the fully successful level." PFR File, Tab 7 at 7. To the extent the appellant is asserting that the March 2014 counseling letter imposed requirements for being rated fully successful that were not based on the critical elements of her position, we find that the appellant's removal was based on the September 2014 PIP, not the March 2014 counseling letter. Nonetheless, due to the recent issuance of *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021), we have remanded this appeal for the administrative judge to consider the appellant's assertions regarding her pre-PIP performance. *Infra* ¶¶ 16, 22.

contractor seated next to her and that the contractor stalked her, listened to her conversations, and informed a team leader on another floor about the substance of those conversations. *Id*. at 6. She contends that her Team Chief "consigned" the contractor's behavior, which created a hostile work environment. *Id*. She further contends that her Team Chief provided her with negative feedback, refused to sign her continuing education certificate, sent her harassing emails, and yelled at her and used derogatory and harassing language consisting of slurs and offensive comments.[8] *Id*. at 7, 10-12.

¶12      The administrative judge considered the appellant's hostile work environment argument, including that her supervisor spoke to her frequently in a rude and disrespectful manner and that he enlisted the appellant's coworkers to spy on her and take photographs of her cubicle. ID at 9-11; IAF, Tab 1 at 5-7, Tab 30 at 11. However, he found that the appellant failed to explain adequately the nature, timing, and circumstances of her coworkers' alleged harassment or how it related to her ability to improve during the PIP. ID at 9-11. The administrative judge also found no evidence that the feedback the appellant received from her Team Chief during the PIP was inaccurate or made with any particular animus or that there was any evidence of harassment that impeded her ability to improve. *Id*. The appellant offers no new and material previously unavailable evidence to the contrary on review. Having considered the appellant's arguments on review, we find no basis to disturb the administrative judge's finding that the agency proved by substantial evidence that the appellant received a reasonable opportunity to demonstrate acceptable performance. ID at 11.

---

[8] The appellant asserts that this harassing conduct formed the basis for her EEO complaint. PFR File, Tab 2 at 11.

<u>The agency proved by substantial evidence that the appellant's performance remained unacceptable in the critical elements for which she was given an opportunity to demonstrate acceptable performance.</u>

¶13    We are unconvinced by the appellant's argument on review that she met the fully successful criteria for all three of her CTMAs and that the agency failed to provide documentation to support removing her for performance deficiencies. PFR File, Tab 7 at 5-7. The administrative judge considered and rejected these same arguments in the initial decision. ID at 9. The administrative judge found that the record contains contemporaneous notes and supporting documentation from the Team Chief's bi-weekly meetings with the appellant during the PIP, which document her continued inability to properly audit IT equipment, process password requests in the required manner, and assist customers with their IT issues before closing their tickets as resolved. ID at 8-9.

¶14    The record evidence shows that the appellant failed to reach the fully successful performance level by the end of her 90-day PIP in part because she was unable to properly audit IT equipment despite having at least three attempts to do so, and she made multiple audit errors documented by the agency. ID at 8-9; IAF, Tab 7 at 4-20. After reviewing the claims contained in the appellant's reply, the administrative judge found nothing to rebut the agency's evidence regarding her performance and no indication that she performed at the fully successful level as required. ID at 12. We discern no reason to disturb the administrative judge's finding that the agency proved by substantial evidence that the appellant failed to reach the fully successful performance level by the end of her 90-day PIP. ID at 8-13.

¶15    Considering the record as a whole, the administrative judge concluded that a reasonable person would accept the agency's evidence as adequate to support a conclusion that the appellant's performance was unacceptable and, therefore, the agency met its burden of proving that her performance in at least one critical job element was unacceptable. ID at 13. On review, the appellant asserts that she

received an annual performance rating on January 29, 2015, rating her fully successful for the period of January 1 to December 31, 2014. PFR File, Tab 7 at 4-5. The appellant has failed to cite specific evidence to support her argument. *See* 5 C.F.R. § 1201.114(b) (stating that a petition for review must be supported by specific references to the record); *see also Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (finding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a more serious evidentiary challenge justifying a complete review of the record). Moreover, in response to the appellant's proposed removal, the appellant's representative conceded that the agency withdrew the annual appraisal that she allegedly received on January 29, 2015. IAF, Tab 6 at 32. Accordingly, we discern no reason to disturb the administrative judge's finding that the agency proved by substantial evidence that the appellant failed to reach the fully successful performance level by the end of her 90-day PIP on this basis. ID at 8-13. We find that the appellant's remaining arguments on review amount to mere disagreement with the well-reasoned, record-based findings of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Finally, although the appellant argues that the administrative judge failed to acknowledge some of her documentary evidence, an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

<u>Remand is required in light of recent case law to make findings as to the appellant's performance prior to the implementation of the PIP.</u>

¶16      At the time the initial decision was issued, the Board had held that an agency need not prove unacceptable performance prior to the PIP. *See Wright v. Department of Labor*, 82 M.S.P.R. 186, ¶ 12 (1999); *Brown v. Veterans Administration*, 44 M.S.P.R. 635, 640-41 (1990). However, during the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit issued *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021), which held that, in addition to the five elements of the agency's case set forth in paragraph 6, the agency must also justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. The appellant makes several assertions regarding her pre-PIP performance on review, including that her performance ratings were fully successful before the PIP and that the March 2014 counseling letter, issued 6 months prior to the PIP, improperly included items from the 2013 calendar year, for which she received a fully successful rating, and failed to provide a 90-day minimum evaluation period in the 2014 rating year. PFR File, Tab 2 at 4, 13-14. In light of *Santos*, we remand the appeal to give the parties the opportunity to present additional evidence as to these assertions and as to whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See Lee*, 2022 MSPB 11, ¶¶ 15-17.

<u>The appellant failed to meet her burden of proving her affirmative defense of EEO retaliation.</u>

¶17      On review, the appellant challenges the administrative judge's finding that she failed to prove her affirmative defense of retaliation for EEO activity. PFR File, Tab 2 at 8-18; ID at 17. In analyzing the appellant's retaliation claim, the

administrative judge applied the standard set forth in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986), which requires, among other things, that the appellant establish a "genuine nexus" between the alleged retaliation and the contested employment action. ID at 15. However, the *Warren* standard does not apply to claims of retaliation for Title VII EEO activity. Rather, to prove such a claim, an appellant must show that she engaged in protected activity and that the activity was a motivating factor in the agency's action. *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 21-22, 30. To obtain full relief under the statute, including reinstatement, back pay, and damages, an appellant must show that retaliation was a "but-for" cause of the agency's action. *Id.*, ¶ 22. An appellant may prove a claim of retaliation under Title VII through direct evidence, circumstantial evidence, or some combination of the two. *Id.*, ¶ 24. Nevertheless, we find that that administrative judge's application of the *Warren* standard does not constitute reversible error because the evidence of record is insufficient to support the appellant's claim, even analyzed under the correct evidentiary standards and framework. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

¶18    In her initial decision, the administrative judge assumed that the appellant engaged in protected activity based on her allegation that she filed an EEO complaint against her Team Chief in February 2014 and that the Team Chief knew of her complaint. ID at 16. The administrative judge also assumed arguendo that the appellant's Team Chief may have had strong motive to retaliate against her and that the PIP could have been retaliation for the appellant's alleged EEO activity. *Id.* The administrative judge noted the possibility of a slight retaliatory motive by the Group Chief based on the inference that the appellant's alleged EEO complaint may have reflected negatively on the Group Chief's area of management, although there is no indication that he was named in the

appellant's EEO complaint. *Id.* The administrative judge nonetheless found that the appellant failed to prove that reprisal for her EEO activity was a motivating factor in her removal, having weighed the strength of the agency's motive to retaliate against the strong documentation that the agency provided in support of the removal action and the lack of evidence produced by the appellant relating to her claim of EEO retaliation. ID at 16-17. She found no pretext or inaccuracies in the documentation provided by the agency in support of the PIP or the removal action, no evidence that the appellant was treated differently than employees who did not participate in EEO activity, and no evidence that her EEO activity played any role in the agency's decision to put her on a PIP or remove her. *Id.*

¶19    On review, the appellant argues that the administrative judge erred in finding that she failed to prove her claims of EEO retaliation and a hostile work environment. PFR File, Tab 2 at 4-15. The appellant reasserts her argument that she filed an EEO discrimination complaint in February 2014 against her Team Chief for harassment and that he was aware of her EEO activity when he issued her a performance counseling letter in March 2014. *Id.* at 4. The appellant characterizes the timing of the performance counseling letter as suspicious because she received a fully successful performance rating 2 months earlier. *Id.*

¶20    The appellant also argues that her Team Chief harassed her by creating a hostile work environment and placing her on a PIP designed to make her fail in retaliation for her EEO activity. *Id.* at 4-14. The administrative judge noted the appellant's disagreement with the letter assessing her alleged performance deficiencies and stating the tasks that she needed to complete to improve her performance. ID at 6. The administrative judge found that the Team Chief had bi-weekly meetings with the appellant during the PIP and discussed her performance standards as stated in the PIP notification. *Id.* The administrative judge also found that, during the initial meeting with the Team Chief, the parties agreed to modify various dates and percentages required to be rated fully

successful and that none of the changes that were made altered the requirements to the appellant's detriment. *Id.*

¶21    Based on our review of the record, we find that the appellant failed to show by preponderant evidence that retaliation for her EEO activity was a motivating factor in the contested personnel action. *See Pridgen*, 2022 MSPB 31, ¶ 33. We agree with the administrative judge's finding that the appellant produced insufficient evidence to support her retaliation claim. ID at 16. Moreover, we discern no reason to disturb the administrative judge's findings that the deciding official performed his duties conscientiously and that there is no evidence that the appellant's Team Chief had any particular animus toward her or made inaccurate comments and criticisms about her job performance. ID at 9, 15, 17. Accordingly, we find that the appellant failed to prove her affirmative defense of retaliation for protected EEO activity.[9]

**ORDER**

¶22    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. The administrative judge shall accept evidence and argument on the issue of the appellant's pre-PIP performance and hold a supplemental hearing if requested. The administrative judge shall then issue a new initial decision consistent with *Santos* and make explicit findings as to the appellant's assertions regarding her pre-PIP performance contained in paragraph 16 of this Remand Order. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate the prior findings on the other elements of the agency's case and the appellant's affirmative defense in the remand initial decision. However, regardless of whether the agency meets its burden, if the

---

[9] Because we find that the appellant failed to prove that her EEO activity was a motivating factor in this removal, we do not reach the question of whether her activity was a "but-for" cause of the removal action. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis as to any finding in the initial decision, or any finding contained in this Remand Order, the administrative judge shall address such argument or evidence in the remand initial decision.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.